## FRED GRUENBERG v. ELIZABETH SAUMWEBER.[1]

April 11, 1933.

No. 29,510.

[1] Reported in 248 N. W. 38.

See 188 Minn. 568, 248 N. W. 724.
*Smith, Waldorf & Jennings,* for appellant.
*Mueller & Buchmeier,* for respondent.

PER CURIAM.

This matter came before the court upon an order to show cause why the appellant should not make and file a supersedeas bond as required by G. S. 1923 (2 Mason, 1927) § 9504.

It appears that the defendant below, who is the appellant here, appealed from a judgment of the municipal court of Ramsey county for the restitution of certain real property. The defendant upon taking the appeal filed a St. Paul sinking fund certificate in lieu of a bond. The certificate was in the sum of $1,000 and was approved by the municipal court as and for the bond required by law to indemnify the plaintiff "for any and all costs and damages incurred by him" in the event that the defendant did not prevail on her appeal. G. S. 1923 (2 Mason, 1927) § 9499, provides for a bond or deposit conditioned that the appellant shall pay all costs and charges which may be awarded against him on the appeal. Section 9500 of that statute provides for supersedeas bonds conditioned to pay the costs of appeal and the damages sustained by the respondent in consequence thereof and to abide and satisfy the judgment or order which the appellate court may give therein. Section 9504 provides that if the judgment appealed from directs the sale or delivery of possession of real property its execution shall not be stayed unless a bond be executed on the part of the appellant conditioned that during the possession of such property by him he shall not commit or suffer to be committed any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of the possession thereof pursuant to the judgment.

568

No question is raised by the respondent as to the character of the deposit, but he claims that the deposit is one for costs only under the provisions of § 9499. The order of the court approving the deposit provides that it is to indemnify the plaintiff "for any and all costs and damages," which is an apparent attempt to bring the deposit within the terms of § 9500 with reference to supersedeas bonds. That section makes no provision for a deposit in lieu of a bond. But even if we were to construe the condition of this deposit as within the terms of § 9500, it yet fails to come within the terms of § 9504, because the judgment in that case was for the restitution of the possession of real property, and the bond given upon appeal in order to effect a stay must conform to the provisions of § 9504.

It is therefore ordered that the appellant make and file a bond in the sum of $1,000 as required and provided by G. S. 1923 (2 Mason, 1927) § 9504, to be approved by this court, with sureties to be approved by the trial court, and in default of filing such bond, so approved, within five days from the filing of this opinion, the stay of proceedings as ordered by the municipal court will be vacated.

